**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JOSEPH LEROY JONES,**

      **Plaintiff,**

**v.**                                                **Case No. 8:14-cv-1371-T-30TBM**

**PAT FRANK, Clerk of the Circuit Court
in and for Hillsborough County Florida,
in Her Official Capacity,**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Plaintiff's Affidavit of Indigency (Doc. 2), which is construed as a motion for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915. While his affidavit reveals Plaintiff likely lacks the resources necessary to pay the filing fee for this action,[1] I find that the Complaint fails to state a claim and therefore I recommend that the Court dismiss this action.

I.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

---

[1] Plaintiff reports that he earns $675.00 month as a self-employed contractor or consultant. His monthly expenses (rent and child support) exceed his income. While he reports no debt, he also reports that he does not own a home, car, or any other assets.

(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  This provision tracks the language of Federal Rule of Civil Procedure 12(b)(6) and this circuit applies Rule 12(b)(6) standards in reviewing dismissals under § 1915(e)(2)(B)(ii).  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  In determining whether the plaintiff has stated a claim on which relief may be granted, the court must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  While the complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level.  *Twombly,* 550 U.S. at 555-56.

The court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys.  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).  Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading.  *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled in part on other grounds as recognized in *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

II.

Plaintiff sues Pat Frank in her official capacity of Clerk of Court in and for Hillsborough County, Florida, alleging: (1) a violation of his constitutional right to due process (Count I); (2) a violation of his constitutional right to liberty and pursuit of happiness (Count II); and (3) failure to uphold public oath (Count III).  Plaintiff complains that on November13, 2013, he filed a "Notice of Hearing" with the Clerk's Office to challenge the validity of three capiases apparently issued on three citations.  Each Notice purported to set a hearing before a state-court judge five days later on a motion for bond reduction and to rescind capias.  (Doc. 1-1).  According to Plaintiff, the Clerk's Office did not set a hearing, apparently due to the pending capiases, and he was forced to post a $5,000 [sic] bond on each capias.  He alleges that prior to posting the bonds, he was forced to stay away from his home and business to avoid arrest.  Asserting a denial of due process, Plaintiff thereafter demanded that Ms. Frank, as Clerk, reimburse him the $1,500 it cost him to post the bonds.  (Doc. 1-2). Plaintiff alleges that his follow-up investigation revealed that the Clerk's Office policy obstructs access to the court to challenge the validity of a capias or excessive bail.  He seeks monetary damages together with a declaration that two Clerk's Office policies on processing criminal motions and front counter research prior to setting court dates are unconstitutional.

III.

"A county's liability under § 1983 may not be based on the doctrine of respondeat superior." *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (citations omitted).  A county may be liable only when its "official policy" causes a constitutional violation.  *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978).  To impose § 1983

3

liability on a county for its policies or customs, a plaintiff must allege that: (1) his constitutional rights were violated; (2) the county had a custom or policy that deprived him of that constitutional right;[2] and (3) the policy or custom caused the violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citation omitted). Therefore, to plead a § 1983 violation against a county, a plaintiff must allege facts showing that an official custom or policy of the county caused the constitutional injury. *Grech*, 335 F.3d at 1329.

The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law . . ." U.S. Const. amend. XIV, § 1. "Due process entitles an individual to notice and some form of hearing before state action may finally deprive him or her of a property interest." *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994) (citation omitted). To state a procedural due process violation under § 1983, a plaintiff must allege "a deprivation of a constitutionally-protected liberty or property interest, state action, and constitutionally inadequate process." *Id.* The substantive component of the Due Process Clause "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). "Conduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience-shocking in a constitutional sense." *Davis v. Carter*, 555 F.3d 979, 982 (11th Cir. 2009) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998)). The conscience-shocking standard is an

---

[2]To establish the second element, a plaintiff must show either that the policy is facially unconstitutional or that a series of constitutional violations have occurred from which deliberate indifference can be inferred. *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011).

exacting one that "duplicates no traditional category of common-law fault, but rather points clearly away from liability, or clearly toward it, only at the ends of the tort law's spectrum of culpability." *Lewis*, 523 U.S. at 848.

While case law recognizes that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Hughes*, 350 F.3d at 1160 (quotation marks omitted), I conclude that Mr. Jones' Complaint should be dismissed with leave to file an amended complaint. While it is conceivable that Clerk's Office policies could give rise to a claim for a due process violation or perhaps a denial of access to courts claim, the facts alleged are simply too sparse and confusing to permit the conclusion that Plaintiff states such a cause of action. For instance, it is unclear whether Plaintiff, Joseph Leroy Jones, has standing to assert these claims given that the person identified on the disputed citations appears to be one "Frank Bean." Moreover, whether Plaintiff was entitled to an opportunity to be heard as he asserts is not at all clear given that it appears that he had already failed to appear for a hearing or otherwise comply with the court's orders on the citations. Additionally, there is a wholly inadequate demonstration of the failure of the Clerk of Court to uphold a public oath.[3] Thus, Plaintiff's Complaint fails to state a cause of action and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3]Plaintiff summarily alleges that the Clerk failed to uphold a public oath. Construing Plaintiff's Complaint liberally, that allegation does not state a cognizable claim for relief under federal law because there is not a constitutional liberty interest in having state officials follow state law. *See Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). The allegation also fails to state a cognizable claim under state law. While the State of Florida has a criminal statute addressing a public employee's failure to execute his or her oath, *see* Fla. Stat. § 876.06, there is nothing in the statute that permits an individual to bring a private cause of action for such a failure. Regardless of whether Plaintiff brings the claim under federal or state law, he fails to state a legal basis for the claim and my research has not revealed one.

IV.

For the reasons set forth above, I recommend that the Court **DISMISS** the Complaint (Doc. 1) and **DENY** without prejudice Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2). It is further recommended that the Court direct Plaintiff to file an Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure clearly setting forth cognizable causes of action within twenty days (20) of the Court's Order, failing which may result in a dismissal of the action without further notice.

Respectfully submitted on this
8th day of July 2014.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies to:
The Honorable James S. Moody, United States District Judge
Pro se Plaintiff